IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JENNIFER D. SCHOLL, an individual, | ) | CASE NO. 4:18-cv-03039 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| NCK TOOLS, INC., a Kansas corporation and STEVEN E. ROBBINS, an individual, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Jennifer Scholl, by and through her attorneys, Peter C. Wegman and Mark R. Richardson of Rembolt Ludtke LLP and Benjamin H. Murray of Germer Murray & Johnson, for her cause of action against Defendants, alleges and states:

### THE PARTIES

1. Plaintiff Jennifer D. Scholl is a resident of Nuckolls County, Nebraska.

2. Defendant NCK Tools, Inc. ("NCK Tools"), is a Kansas corporation with its principal place of business in Concordia, Kansas.

3. Defendant Steven E. Robbins ("Robbins") is a resident of Jewell, Kansas.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00, excluding interest and costs, and is between citizens of different states. Plaintiff is a resident of Nebraska, Defendant Robbins is a resident of Kansas, and NCK Tools, Inc., is a Kansas corporation.

5. This Court has personal jurisdiction over Defendants by virtue of Defendants committing a tort in the State of Nebraska.

6. Venue is properly based in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred in the State of Nebraska.

## FACTUAL BAGROUND

7. On November 1, 2017, at approximately 3:15 p.m., Plaintiff was operating a Yamaha Viking, UTV model, four-wheel all-terrain vehicle eastbound on Highway 136, approximately two miles west of Ruskin in Nuckolls County, Nebraska.

8. At the same time, Defendant Robbins was operating 1997 Chevrolet double-axle box work truck in the course and scope of his employment with NCK Tools, said truck owned by Marty Ade of Concordia, Kansas. Defendant Robbins also was traveling eastbound on Highway 136 some distance behind Plaintiff.

9. As Plaintiff proceeded eastbound, Defendant Robbins collided with the rear end of Plaintiff's Viking (the "Collision").

10. As a result of the Collision, Plaintiff was thrown from the Viking, skidding and rolling down Highway 136.

## CLAIM FOR RELIEF – NEGLIGENCE

11. Defendant Robbins owed several duties to Plaintiff, including, but not limited to:

    a. Maintaining a proper lookout;

    b. Yielding to traffic in front of him;

    c. Maintaining reasonable control of his vehicle under the circumstances; and

    d. Following traffic ahead of him at a reasonable and prudent distance.

12. Defendant Robbins breached one or more of his duties.

13. Defendant Robbins' breach was the sole proximate cause of the Collision.

14. Defendant Robbins' breach was a direct and proximate cause of injuries and damages to Plaintiff, and said breach occurred in the course and scope of his employment with Defendant NCK Tools.

15. Defendant Robbins' negligence is imputed to Defendant NCK Tools.

16. As a proximate result of Defendant Robbins' negligence, Plaintiff sustained injuries to her body, some of which injuries are permanent, including but not limited to, cuts, bruises, road rash resulting in scarring, an arm fracture requiring surgical repair and implantation of a plate and hardware, and numbness to her fingers necessitating carpal tunnel surgery; incurred medical expenses in an amount not less than $5,000 and will likely require to seek medical care and attention in the future; and suffered physical pain, mental suffering and inconvenience, said physical pain, mental suffering and inconvenience being reasonably certain to continue in the future.

## REQUEST FOR PLACE OF TRIAL

Plaintiff respectfully requests that the trial of this matter take place in Lincoln, Nebraska.

## JURY DEMAND

Plaintiff hereby demands a jury trial pursuant to Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants for Plaintiff's special damages in an amount not less than $5,000; for general damages in an amount not less than $75,000; interest at the maximum legal rate until the judgment is paid; and the taxable costs of this action.

DATED March 14, 2018.

JENNIFER D. SCHOLL, Plaintiff

By:   /s/ Peter C. Wegman
Peter C. Wegman (#16685)
pwegman@remboltlawfirm.com
Mark R. Richardson (#24719)
mrichardson@remboltlawfirm.com
REMBOLT LUDTKE LLP
1128 Lincoln Mall, Suite 300
Lincoln, NE 68508
(402) 475-5100

and

Benjamin H. Murray (#24951)
ben@gmjlaw.com
GERMER MURRAY & JOHNSON
147 N. 4th Street
P.O. Box 87
Hebron, NE 68370
(402) 768-7400

4828-9606-5370, v. 1

4