IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JENNIFER D. SCHOLL,<br><br>      Plaintiff,<br><br>vs.<br><br>MARTY ADE, dba NCK TOOLS, INC., and STEVEN E. ROBBINS,<br><br>      Defendants. | 4:18-CV-3039<br><br>MEMORANDUM AND ORDER |

  The plaintiff, Jennifer Scholl, asks the Court for partial summary judgment regarding application of Nebraska Revised Statutes § 60-6,273 to the undisputed facts of her claim. The defendants resist, arguing that § 60-6,273 was not intended to apply to utility-type vehicles (UTV). For the reasons that follow, the Court concludes that § 60-6,273 does apply to the facts of this case.

## I. STANDARD OF REVIEW

  A party may move for summary judgment, identifying each claim or defense—or that part of each claim or defense—on which summary judgment is sought. Fed. R. Civ. P. 56(a). Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Statutory interpretation presents a question of law. *In re Seth C.*, 951 N.W.2d 135, 140 (Neb. 2020). Questions of law are properly raised in a motion for summary judgment. *Jordan v. LSF8 Master Participation Trust*, 915 N.W.2d 399, 414 (Neb. 2018).

## II. BACKGROUND

The plaintiff was driving a Yamaha Viking UTV eastbound on U.S. Highway 136 in Nuckolls County, Nebraska, when her UTV was struck from behind by a double-axle pickup truck driven by defendant Steven Robbins. Filing 1 at 2. Robbins was in the course and scope of his employment with defendant NCK Tools, and NCK Tools is owned by defendant Marty Ade. The collision dislodged the plaintiff out of her UTV, causing her to skid and roll down the highway. The plaintiff suffered several injuries, one of which was a fractured arm that required surgery. Filing 1 at 3. The plaintiff's UTV was equipped with a seat belt, which she was not wearing at the time of the collision. Filing 61 at 2, filing 65 at 2.

## III. DISCUSSION

The plaintiff seeks partial summary judgment regarding certain affirmative defenses alleged in the defendants' amended answer. Filing 62 at 7. The defenses concern (1) whether the plaintiff's failure to utilize the passenger restraint system in her vehicle constitutes contributory negligence, barring her claim in whole or in part, (2) whether the failure to utilize the passenger restraint system was the proximate cause of the plaintiff's injuries, and (3) whether the plaintiff's damages should be reduced for her failure to utilize the vehicle's passenger restraint system. Filing 47 at 3.

The parties' arguments concern the application of the Nebraska Rules of the Road in general (Neb. Rev. Stat. § 60-601 to § 60-6,383), and specifically, application of § 60-6,273, which provides:

> Evidence that a person was not wearing an occupant protection system or three-point safety belt system at the time he

2

> or she was injured shall not be admissible in regard to the issue of liability or proximate cause but may be admissible as evidence concerning mitigation of damages, except that it shall not reduce recovery for damages by more than five percent.

The plaintiff argues that a plain reading of § 60-6,273 provides that it applies to all situations where a seat belt is available, regardless of the type of vehicle involved in the mishap. Filing 62 at 6. As such, the defendants' affirmative defenses regarding seat belt nonuse should not be allowed, and the defendants should be precluded from presenting evidence (and presumably argument) that the plaintiff's failure to use the UTV's seat belt was the proximate cause of her injuries, as well as proof of her contributory negligence. Filing 62 at 7.

The defendants argue that the Nebraska Legislature did not intend to include vehicles like the UTV the plaintiff was operating within the ambit of § 60-6,273. The defendants concede that the Rules of the Road broadly define motor vehicles as "every self-propelled land vehicle, not operated upon rails, except bicycles, mopeds, self-propelled chairs used by persons who are disabled, and electric personal assistive mobility devices." § 60-638. However, the defendants argue, citing § 60-6,355, that the Rules of the Road separately define UTVs as *off-highway* vehicles of certain dimensions and weight, and traveling on four or more *nonhighway* tires. According to the defendants, the "off-road" and "nonhighway" designations, as well as other provisions in the Rules of the Road pertinent to UTVs, demonstrate a legislative intent to treat UTVs differently from other motor vehicles. Filing 65 at 6-7. The Court is not persuaded.

Had the Nebraska Legislature wanted to specifically except UTVs from the definition of a motor vehicle in the Rules of the Road, it certainly could have done so. In fact, that is exactly what was the Nebraska Legislature did with respect to the definition of a motor vehicle found in the Nebraska Motor Vehicle Registration Act.

> Motor vehicle means any vehicle propelled by any power other than muscular power. Motor vehicle does not include . . . (6) off-road designed vehicles not authorized by law for use on a highway, including, but not limited to . . . utility-type vehicles, . . .

§ 60-339(6).

This same, or a substantively similar exception to the definition of a motor vehicle is also found in Nebraska's Motor Vehicle Certificate of Title Act (§ 60-123), as well as the Motor Vehicle Operator's License Act (§ 60-471(8)), and the Motor Vehicle Safety Responsibility Act (§ 60-501(8)). The fact that UTVs are specifically identified as potential exceptions to the definition of a motor vehicle in other sections throughout Chapter 60 of the Nebraska Revised Statutes, but not specifically excepted in the Rules of the Road, certainly refutes the defendants' argument that UTVs were not intended to be within the definition of motor vehicles with respect to the Nebraska Rules of the Road.[1]

---

[1] Even where excepted, a UTV could still qualify as a motor vehicle if authorized by law for use on a highway. Section 60-6,356 identifies the conditions under which a UTV is authorized by law to operate on certain Nebraska highways.

4

The defendants also argue that the Legislature intended § 60-6,273 to only apply to motor vehicles regulated by the National Highway Traffic Safety Administration, and intended to be operated on any highway, road or street in the state. Filing 65 at 9-10. First, if the Legislature actually intended § 60-6,273 to apply only to motor vehicles regulated by the National Highway Traffic Safety Administration, it could have plainly so stated. Second, there is nothing in the record showing that UTVs such as the one operated by the plaintiff are not, in fact, regulated by the National Highway Traffic Safety Administration.

Third, § 60-6,273 (and the Rules of the Road in general) distinguish between occupant protection systems and three-point safety belt systems. Section 60-6,226(1) of the Rules of the Road require every 1973 model year or later motor vehicle operated on any highway, road, or street in this state to be equipped with an occupant protection system that meets certain federal requirements. But, § 60-6,266 does not require three-point safety belt systems to meet certain federal regulations. Further, motor vehicles that are implements of husbandry designed primarily for use in agricultural operations are excepted from the requirements pertaining to occupant protection systems. The plaintiff's UTV was used primarily in her family agricultural operation. The defendants do not contend that the plaintiff was using the UTV in a manner inconsistent with its design.

Fourth, and most importantly, § 60-6,273 concerns the nonuse of a "occupant protection system *or* a three-point safety belt system." For the purposes of § 60-6,273, a three-point safety belt system means "a system utilizing a combination of a lap belt and shoulder belt installed in a motor vehicle which restrains drivers and passengers." § 60-6,265. As noted above, a UTV is a motor vehicle for the purposes of the Rules of the Road. An owner's

5

manual—the defendants' exhibit—which purportedly pertains to the plaintiff's UTV (filing 65-4), identifies that the plaintiff's vehicle was equipped with three-point seat belts for the operator and passengers. Filing 65-2 at 5. It is the nonuse of this existing three-point seat belt that is the issue—not whether the UTV was a motor vehicle required by federal regulations to have an occupant protection system.

The Court concludes that § 60-6,273 is applicable to the facts and circumstances in this matter. The parties agree that the UTV the plaintiff was operating had a seat belt in it, and that the plaintiff was not wearing the seat belt at the time of the collision. Filing 61 at 2; filing 65 at 2. The Court understands that the seat belt the parties refer to was actually a three-point safety belt system as defined by § 60-6,265.

Accordingly, pursuant to the plain, unambiguous text of § 60-6,273, evidence of the plaintiff's nonuse of her UTV's seat belt at the time of the collision is not admissible in regard to the issue of the plaintiff's contributory negligence or the proximate cause of her injuries. However, it does not appear that the plaintiff has conceded that her injuries were caused, at least in part, by her failure to use her seat belt. Thus, the plaintiff's non-use of her seat belt is material to whether she failed to mitigate her damages. A stipulation by the parties, or admission by the plaintiff, that her injuries were, in part, caused by her failure to utilize the UTV's seat belt, and that the plaintiff's damages should be reduced by no more than five percent, would remove the issue of seat belt nonuse in its entirety. *See Shipler v. General Motors Corp.*, 710 N.W.2d 807, 833 (Neb. 2006). The Court will deal with that issue at the time of trial.

6

### III. CONCLUSION

The Court finds that the plaintiff is entitled to judgment in her favor as a matter of law regarding the affirmative defenses asserted in paragraphs 17(d) and 18 of the defendants' amended answer. Filing 47 at 3. The Court finds that the plaintiff's motion for summary judgment regarding the affirmative defense asserted in paragraph 19 of the defendants' amended answer regarding mitigation of damages should be denied.

IT IS ORDERED:

1. Plaintiff's motion for partial summary judgment (filing 60) is granted as to the defendants' affirmative defenses in paragraph 17(d) and 18 of the amended answer (filing 47 at 3).

2. Plaintiff's motion for partial summary judgment (filing 60) is denied as to the defendants' affirmative defense in paragraph 19 of the amended answer (filing 47 at 3).

3. This matter is referred to the Magistrate Judge for case progression.

Dated this 4th day of January, 2021.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Chief United States District Judge