# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JENNIFER D. SCHOLL, an individual, | |
| Plaintiff, | 4:18CV3039 |
| vs. | |
| MARTY ADE d/b/a NCK Tools, Inc., and STEVEN E. ROBBINS, an individual, | ORDER |
| Defendants. | |

This matter is before the Court on Defendants' Motion for Leave to File Second Amended Answer (Filing No. 70). Plaintiff opposes the motion. (Filing No. 73). For the following reasons, the Court will deny the motion.

On November 1, 2017, Plaintiff was driving eastbound on U.S. Highway 136 in a Yamaha Viking UTV, four-wheel all-terrain vehicle, when she was struck from behind by a double-axle pickup truck driven by defendant Steven Robbins. At the time, Robbins was working in the course and scope of his employment with defendant NCK Tools, which is owned by defendant Marty Ade. Plaintiff was not wearing a seat belt at the time of the collision and was ejected from the UTV, sustaining several injuries requiring surgery. Plaintiff filed this negligence action on March 14, 2018. (Filing No. 1). Defendants' operative answer raises the affirmative defense of contributory and/or comparative negligence. (Filing No. 47 at p. 3). Defendants specifically list separate allegations of Plaintiff's contributory and/or comparative negligence, including that Plaintiff was operating an unauthorized vehicle on the highway, failed to use her headlight and taillight, failed to use a safety flag, and failed to utilize the Yamaha Viking UTV's safety harness system at the time of the accident.

In the early stages of this case, pursuant to the parties' Rule 26(f) Report (Filing No. 16), the Court entered an initial case progression order (Filing No. 17) setting June 29, 2018, as the deadline for parties to amend pleadings. Although the Court has since entered several amended case progression orders extending case deadlines, the original deadline to amend pleadings was never extended.[1] The Third Amended Case Progression Order dated June 15, 2020, set Defendants' expert disclosure deadline for July 17, 2020. (Filing No. 54).

---

[1] Defendants did file their amended answer (Filing No. 47) on December 2, 2019, after the deadline to amend pleadings expired, with leave of court. (Filing No. 46).

During Plaintiff's second deposition on May 28, 2020, she testified that the UTV she was driving at the time of the collision had been modified by her family members by removing the driver's side door and shoulder bolster system. (Filing No. 72-1 at pp. 5-6). On June 29, 2020, Defendants timely served Plaintiff with their expert disclosures, which included a report authored by two experts that provided opinions that include consideration of the UTV's modifications. (Filing No. 72-2).

On January 4, 2021, Chief Judge Gerrard entered a Memorandum and Order concluding that Plaintiff's nonuse of her UTV's seat belt at the time of the collision is inadmissible "in regard to the issue of the plaintiff's contributory negligence or the proximate cause of her injuries" pursuant to Neb. Rev. Stat. § 60-6,273. (Filing No. 67 at p. 6). Following the ruling, the undersigned magistrate judge scheduled a telephonic conference with counsel for January 14, 2021, to discuss case progression and other scheduling matters. During this telephone conference, which was not recorded, the issue was raised regarding whether Defendants needed to amend their pleadings in order to proffer an expert report regarding the UTV's modifications. (Filing Nos. 68-69). Therefore, a week after the telephone conference, on January 21, Defendants filed the instant motion seeking leave to file a second amended answer that alleges "with more specificity" the affirmative defense of contributory/comparative negligence as to the UTV's modifications. (Filing No. 70).[2] However, Defendants maintain that their operative answer, which raises the affirmative defense of contributory and/or comparative negligence, encompasses the expert reports at issue and thus the second amended answer is not necessary. (Filing No. 76 at p. 2).

Plaintiff opposes the motion for leave to amend as it is untimely and because Plaintiff will be prejudiced by the amendment. Plaintiff argues Defendants provided no explanation as to why they waited eight months after Plaintiff's deposition to file the instant motion to amend. Plaintiff contends that Chief Judge Gerrard's ruling on her motion for partial summary judgment renders the UTV modification opinions "irrelevant and inadmissible" because it is an "end run" around the Court's ruling on the seat belt rule. (Filing No. 73 at pp. 3-5). Plaintiff also argues the expert reports do not provide any causation opinion regarding the door or the shoulder and fail to meet the standard for a testifying expert. (Filing No. 74 at p. 6).

---

[2] On February 16, 2021, the parties scheduled mediation with a private mediator at the Court's direction, and therefore the instant motion was held in abeyance until mediation was complete. The parties notified the Court on March 15, 2021, that mediation was unsuccessful. (Filing Nos. 80-83).

There is no question Defendants' motion for leave to amend is untimely under the progression order. However, the undersigned magistrate judge agrees with Defendants that no amendment of their answer is necessary. "In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). Defenses "need not be articulated with any rigorous degree of specificity, and may be sufficiently raised for purposes of Rule 8 by their bare assertion." *Infogroup, Inc. v. DatabaseLLC*, 95 F. Supp. 3d 1170, 1193 (D. Neb. 2015)(Gerrard, J.)(citing *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997)). Here, Defendants raised Plaintiff's contributory and/or comparative negligence as an affirmative defense from the outset of this case. That is all Defendants were required to do. During the course of discovery, and more specifically, during Plaintiff's second deposition on May 28, 2020, Defendants learned information regarding Plaintiff's modifications of the UTV, which information was utilized by Defendants' experts for reports served on Plaintiff on June 29, 2020. Defendants' expert disclosures were timely served under the case progression order. Whether, as Plaintiff argues, Chief Judge Gerrard's ruling dated January 4, 2021, renders Defendants' expert reports "irrelevant and inadmissible," or whether the experts meet the standard for a testifying expert are issues more properly raised by a motion in limine. But, because Defendants raised the affirmative defense of Plaintiff's contributory and/or comparative negligence by its "bare assertion," Defendants do not need to file a second amended answer specifying exactly how Plaintiff was contributorily and/or comparatively negligent in order to preserve the issue. Accordingly,

**IT IS ORDERED:** Defendants' Motion for Leave to File Second Amended Answer (Filing No. 70) is denied.

Dated this 17th day of March, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge