IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JENNIFER D. SCHOLL,<br><br>              Plaintiff,<br><br>vs.<br><br>MARTY ADE, dba NCK Tools, and STEVEN D. ROBBINS,<br><br>              Defendants. | 4:18-CV-3039<br><br>ORDER |

This matter is before the Court on the parties' separate motions in limine. Filing 88; filing 89.

### Plaintiff's motion (filing 89)

The plaintiff's motion identifies twelve numbered paragraphs for consideration.

Paragraphs 1, 2, 3, 4, 5, 6, 7, and 8 of the plaintiff's motion will be sustained.

Paragraph 9, concerning the UTV owner's manual, will be sustained in part pursuant to Fed. R. Evid. 403, and overruled in regard to the illustration of a UTV found on page 7-5 of the manual. The Court finds that the manual's probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. The illustration of a UTV found on page 7-5 may be used, but will be subject to the Court's ruling regarding paragraph 10.

Paragraph 10, concerning the plaintiff's removal of doors and shoulder bolsters will be overruled. The Court warns counsel that  removal of the doors and shoulder bolsters must be linked to causation of the plaintiff's injuries. Failure to do so may result in the Court striking the evidence and instructing

the jury to disregard the testimony and evidence regarding door and shoulder bolster removal, and may require a limiting or curative instruction, and could result in other remedies that may be warranted, up to and including a mistrial.

Paragraph 11, concerning the plaintiff not wearing a helmet will be overruled. There is evidence of facial abrasions that may, or may not have been prevented by the use of a helmet. It strikes the Court that expert testimony will be necessary to show that the use of a helmet would have prevented such injury. Failure to link helmet nonuse to the plaintiff's injury is subject to the same sanctions in the Court's ruling regarding door and shoulder bolster removal.

Paragraph 12, concerning whether the plaintiff's UTV is allowed on a highway is sustained. The Court finds that Neb. Rev. Stat. § 60-6,356 allows UTVs on highways such as Highway 136, outside corporate limits of a city, village, or unincorporated village if incidental to the vehicle's use for agricultural purposes, but only between the hours of sunrise and sunset.

## **Defendants' motion ([filing 88](#))**

The defendants' motion identifies thirteen numbered paragraphs for consideration, which the plaintiff does not contest. Accordingly, the defendants' motion shall be sustained as to those paragraphs. In the hearing, defendants' counsel moved for an order in limine regarding witnesses who had not previously disclosed knowledge of the prevalence, or lack thereof, of safety flags being attached to the back of UTVs. The plaintiff did not oppose defendants' motion. The Court will sustain defendants' oral motion.

Accordingly,

IT IS ORDERED:

1. The plaintiff's motion in limine (filing 89) is granted in part and denied in part.

2. The defendants' motion in limine (filing 88) is granted.

Dated this 30th day of July, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge